# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
March 26, 2013 Session

## STATE OF TENNESSEE v. JOSH L. BOWMAN

**Direct Appeal from the Criminal Court for Knox County**
**No. 95152A      Jon Kerry Blackwood, Judge**

---

**No. E2012-00923-CCA-R3-CD - Filed August 29, 2013**

---

THOMAS T. WOODALL, J., dissenting.

I concur in that portion of the majority opinion which holds the trial court did not err by denying the appellant's motion to suppress his statement. I disagree with the remaining parts of the opinion and therefore would affirm all the judgments of the trial court.

As noted in the majority opinion, there is nothing in the record on appeal to "reveal that [the appellant] made any contemporaneous objections to the State's playing Exhibit 66 [the video with the added transcript] for the jury or the State's introducing Exhibit 66 into evidence." "When a party does not object to the admissibility of evidence, . . . the evidence becomes admissible notwithstanding any other Rule of Evidence to the contrary, and the jury may consider that evidence for its 'natural probative effects as if it were in law admissible.'" *State v. Smith*, 24 S.W.3d 274, 280 (Tenn. 2000) (Quoting *State v. Harrington*, 627 S.W.2d 345, 348 (Tenn. 1981). Tennessee Rule of Criminal Procedure 30.1 provides that "Unless for good cause the court determines otherwise, the jury shall take to the jury room for examination during deliberations all exhibits and writings, except depositions, that have been received in evidence." Exhibit 66, including the transcription at the bottom of the video, was made an exhibit at trial without objection according to the record on appeal. It was therefore admitted as substantive evidence. Furthermore, the jury had access to see *all* of Exhibit 66. There was no error by the trial court on this issue.

As to the *State v. White*, 362 S.W.3d 559 (Tenn. 2012), issue concerning error by the trial court in its jury instructions, I disagree that error occurred.

The majority opinion states that the *Anthony/Dixon/White* cases do not hold that if the victim of the kidnapping was different than the named victim of the accompanying felony, this fact eliminates the need for due process analysis. Neither, however, does this line of cases say that an "accompanying felony" is always a felony which occurs in the same time period as the kidnapping, even if it does not involve the person being kidnapped.

The kidnapping offenses found in chapter 13 of Title 39, Part 3 of Tennessee Code Annotated and the robbery offenses found in the same chapter and title, but in Part 4 are both classified by our legislature as offenses against the person of another. The two distinct offenses of especially aggravated kidnapping of Ms. Graves and the especially aggravated robbery of Mr. Graves are not "accompanying" felonies to each other, even though they did occur at virtually the same time and in the same house. No robbery of Ms. Graves accompanied the especially aggravated kidnapping of Ms. Graves. No kidnapping offense of Mr. Graves accompanied the especially aggravated robbery of Mr. Graves. As there was no "accompanying felony" to the especially aggravated kidnapping charge, there was no need for the additional jury instruction set forth in *White*. Accordingly, I would affirm all the judgments.

_____
THOMAS T. WOODALL, JUDGE